J. F. Daly, J.
—The petitioner asks to be "discharged from imprisonment under two executions upon a judgment recovered against him, for personal injuries inflicted upon one of the plaintiffs, Catharine Murphy. He is, and has been for several years a policeman, receiving a salary of $1,200 per annum. He has no wife or children, and claims to have expended his whole salary in the support of himself and his father and mother. It is objected to his discharge that his proceedings have not been just and fair in thus expending his whole earnings without making an effort to pay the judgments against him, in satisfaction of the physical injuries, which, as a policeman, he inflicted upon the plaintiff, Catharine Murphy. How far a debtor on the limits, who earns a comfortable salary, is bound in justice and fairness to apply it to the payment of the execution debt on which he is imprisoned, depends upon the claims by his family upon him for support. It .cannot be that the propriety of his expenditure is established by the mere fact of expenditure. In case of supplementary proceedings under the Code, the courts look into the circumstances of each case to ascertain if the earnings of the debtor are required for the support of his family. Thus in Miller v. Hooper (19 Ilun, 394), the debtor kept a private school and earned net, about $1,200 per annum, and this was considered pnly sufficient for the support of his wife and five children. This case shows how far $1,200 per annum can be made to go by a person who is required to maintain a respectable position. It seems to me, that with due economy, a single man with a father and mother depending upon him, might easily set apart a portion of á salary of $1,200 per annum, to indemnify a poor person for physical injuries inflicted by him,.and his failure to do so proves that he has disposed of all his *279 income with the deliberate parpóse of injuring the execution creditor.
Application for discharge denied, with $10 costs.